IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ELGIN R. ROBINSON, JR.,

                      Petitioner,

        v.                         CASE NO. 16-3247-SAC

MARTIN J. SAUERS, Respondent.

                    Respondent.


O R D E R


    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his application to proceed in forma pauperis is pending.

    Petitioner also moves the Court to stay the petition.

**Background**

    Petitioner was convicted in October 2008. The Kansas Supreme Court affirmed his convictions on direct appeal by an order entered on March 2, 2012. *State v. Robinson*, 270 P.3d 1183 (Kan. 2012). Petitioner did not seek additional review in the U.S. Supreme Court.

    On May 18, 2012, petitioner filed a motion for post-conviction relief under K.S.A. § 60-1507. (Case No. 12cv1704, Appellant's Brief, 2015 WL 1069580, *3 (Kan.App. Feb. 17, 2015)). A petition for review is pending before the Kansas Supreme Court (Appellate Case Number 111923, petition for review filed Apr. 25, 2016).

    Petitioner filed this action on December 5, 2016.

## Analysis

**Screening**

Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court must review a habeas corpus petition upon filing and must dismiss the petition without requiring a response where it appears from the petition and any exhibits that the petitioner is not entitled to relief. *See* 28 U.S.C.A. foll. §2254 (HC Rule 4).

**Exhaustion of state court remedies**

Generally, federal habeas corpus relief is not available to a state prisoner unless all state court remedies are exhausted before the petition is filed. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is grounded in comity and recognizes that "States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The exhaustion requirement is satisfied when each claim has been presented to the state courts, including the appellate courts, by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Where a state prisoner has not exhausted available state court remedies, the federal habeas petition should be dismissed. *See Rose v. Lundy*, 455 U.S. 509 (1982), 28 U.S.C. § 2254(b)(codifying the exhaustion requirement).

Electronic records maintained by the Kansas appellate courts[1] reflect that petitioner has pending motions in his criminal case and that his petition for review in the action filed under K.S.A. 60-1507 remains pending. Accordingly, he has not yet met the exhaustion

---

[1] *See* http://tpka-pitss.kscourts.org:8888/pls/ar/clerks_office.request_case.

requirement, and his claims are not properly before this court.

**Petitioner's motion to stay**

Petitioner asks the Court to stay this matter due to his uncertainty about the time remaining on the one-year limitation period[2].

In *Rhines v. Weber*, 544 U.S. 269 (2005), the U.S. Supreme Court held that in some circumstances, a federal court may stay a mixed petition for habeas corpus and "hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines*, 544 U.S. at 275.

Having considered the record, the Court declines to stay this matter. First, the present petition does not involve a mixed petition, that is, one containing both exhausted and unexhausted claims.

Next, it appears that the limitation period has not yet begun to run in this action.

The statute of limitations for filing a federal petition for habeas corpus is set out in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The Court cannot provide legal advice to petitioner. However, as a prisoner in Kansas state custody, petitioner may seek legal assistance from Legal Services for Prisoners or the Paul E. Wilson Project for Innocence & Post-Conviction Remedies.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subjection.

Petitioner's direct appeal was decided on March 2, 2012, and it became final for habeas corpus purposes ninety days later, when the time for seeking review in the United States Supreme Court ended. Ordinarily, the limitations period would begin to run at that time. *Jimenez v. Quarterman*, 555 U.S. 113, 115 (2009)(when a petitioner does not seek review in the U.S. Supreme Court, a judgment becomes final under § 2244(d)(1)(A) when the time for seeking certiorari in the U.S. Supreme Court expires).

However, the statute of limitations was tolled by petitioner's filing of a state post-conviction action on March 18, 2012, and has remained tolled, because that action remains pending before the Kansas Supreme Court. 28 U.S.C. § 2244(d)(2).

Accordingly, the Court will deny the motion to stay this matter.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice to allow petitioner to exhaust state court remedies.

IT IS FURTHER ORDERED the motion to stay (Doc. #2) is denied.

**IT IS SO ORDERED.**

DATED:  This 21st day of December, 2016, at Topeka, Kansas.


                         S/ Sam A. Crow
                         SAM A. CROW
                         U.S. Senior District Judge