# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ELGIN R. ROBINSON,**

        **Petitioner,**

        **v.**                      **CASE NO. 16-3247-SAC**

**JOE NORWOOD,**

        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On December 21, 2016, the Court dismissed this matter without prejudice to allow petitioner to exhaust state court remedies, noting that petitioner's state post-conviction action filed under K.S.A. 60-1507 is pending in the state appellate courts. Petitioner has filed a response (Doc. #6) and a motion to clarify (Doc. #7).

Petitioner points out that he seeks to present claims presented in a post-trial motion arising under *Brady v. Maryland*, 373 U.S. 83 (1963), *Napue v. Illinois*, 360 U.S. 264 (1959), and *Giglio v. United States*, 405 U.S. 150 (1972).[1] It does not appear that petitioner has presented these claims to the state appellate courts.

To proceed in habeas corpus, petitioner must show that the claims have been presented to the state courts. Under 28 U.S.C. §2254(b)(1)(A), a state prisoner must exhaust state court remedies before seeking federal habeas corpus relief. "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

---

[1] The Court will refer to these claims, collectively, as the *Brady* claims.

petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Therefore, petitioner must show that he has exhausted the *Brady* claims or that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner has not yet made this showing.

Likewise, before proceeding on these claims, petitioner should consider the fact that if he pursues relief on the *Brady* claims before his state court remedies are completed on other claims, he may be barred from presenting them, or claims presented in his direct appeal, in a future petition for habeas corpus. A petitioner may bring a second or successive application for habeas corpus relief only if he obtains prior authorization in the appropriate federal court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for clarification (Doc. #7) is granted, as set forth herein.

**IT IS SO ORDERED.**

DATED: This 17th day of May, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge